## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**HELEN KIMBLE**, an individual
and **MICHAEL KIMBLE**, an individual

**Plaintiffs,**

Case No.: CT- 3786-23
DIV. I

**V.**                                                    Jury Trial Demanded

**OLLIE'S BARGAIN OUTLET, INC.**
and **BIDDEFORD BLANKETS,LLC**
**Defendants.**

*FILED SEP 1 5 2023 CIRCUIT COURT CLERK BY D.C*

---

## COMPLAINT

---

Plaintiffs, Helen Kimble and Michael Kimble, by and through their undersigned counsel, alleges as follows:

### THE PARTIES

1. Plaintiff, Helen Kimble ("Mrs. Kimble"), is a citizen and resident of Tipton County, Tennessee.

2. Plaintiff, Michael Kimble ("Mr. Kimble"), is a citizen and resident of Tipton County, Tennessee.

3. At all times referenced hereto, Michael Kimble and Helen Kimble were, and continue to be, husband and wife.

4. Defendant, Ollie's Bargain Outlet, Inc., is a corporation organized and existing pursuant to the laws of the State of Tennessee and may be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

5. Defendant Biddeford,Blankets LLC, ("Biddeford") is an Illinois limited liability company with its principal place of business at 13820 W. Business Center Dr. #A Lake Forest, IL 600450000. Defendant Biddeford is a company that designs, develops, manufactures and markets heated blanket products. At all times relevant hereto, Biddeford was engaged in Tennessee in distributing, promoting, and selling blankets.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this Court as the cause of action arises in Shelby County, Tennessee. Moreover, both defendants have significant contacts with Shelby County, Tennessee to ensure that jurisdiction, and venue is proper in Shelby County, Tennessee.

## FACTS

7. On or about September 30th, 2022, Plaintiffs purchased a heated blanket manufactured and sold by Biddeford from Ollie's Bargain Outlet store located at 7676 Polo Grounds Blvd, Memphis, TN 38125.

8. On October 22, 2023, around or near 6 a.m. Mrs. Kimble was awakened by the smell of smoke coming from the master bedroom after have taking a nap on the living room couch.

9. The fire rapidly spread, causing extensive damage to Plaintiffs property, including dwelling, personal belongings, and other valuable items.

10. The responding fire department, upon investigating the cause of the fire, determined that the malfunction of the product was the primary ignition source.

## COUNT I
### (Negligence)

11. Plaintiffs, Mr. and Mrs. Kimble, suffered harm and damages due to a defective heated blanket manufactured by Defendant Biddeford Blankets and sold by Defendants Ollie's Bargain Outlet, Inc. and Biddeford to the public.

12. Defendant Biddeford owed a duty of care to Plaintiffs and general public to ensure that the products they manufactured, designed and sold were safe for their intended use and did not propose unreasonable risks of harm.

13. Defendants breached this duty of care by designing, manufacturing, marketing, and selling a heated blanket that was defective and unreasonably dangerous when used for its intended purpose.

14. The defect in the heated blanket directly caused a fire to erupt within the Plaintiffs' residence, resulting in extensive property damage, loss of personal belongings, emotional distress, and other damages suffered by the Plaintiffs.

15. Defendants' negligence is further evidenced by their failure to adequately test, inspect, and warn consumers about the potential risks associated with their product.

16. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer damages, including but not limited to property damage and emotional distress, and economic losses.

## COUNT II
### (Gross Negligence)

17. Plaintiffs reincorporates allegations contained in Paragraphs 1 through 12 inclusive of Count I of their Complaint as set out fully here by reference to them.

18. Defendants' conduct exhibited a wanton disregard for the safety of Plaintiffs and the general public. Their failure to take appropriate measures to ensure the safety of their

product, despite being aware of potential risks and hazards associated with their heated blankets, constitutes gross negligence.

19. Defendants' conduct demonstrated a conscious and voluntary disregard for the need to exercise reasonable care, showing a reckless indifference to the potential consequences of their actions.

20. The egregiousness of Defendants' actions and the severity of the harm caused reflect a level of culpability that goes beyond ordinary negligence and rises to the level of gross negligence.

21. As a direct and proximate result of Defendants' gross negligence, Plaintiffs have suffered and will continue to suffer substantial damages, including but not limited to severe emotional distress, substantial property damage, and economic losses.

### COUNT III

### (Product Liability)

36. The Plaintiff incorporates paragraphs 1 through 21 by reference, as if fully stated herein.

37. The heated blanket manufactured by Biddeford, which led to the Plaintiff's house fire, is flawed in design and unreasonably dangerous due to its construction from materials that are not adequately fire-resistant given the intended usage scenario.

38. Biddeford negligently produced, manufactured, and distributed the heated blanket.

39. Biddeford was aware of or had reason to be aware that the heated blanket, as designed, could be unreasonably dangerous due to design defects.

40. The defective design of the Biddeford heated blanket directly resulted in the Plaintiff's house fire.

41. The proximate cause of all damages suffered by Plaintiffs was the defective and dangerous product manufactured by Bidle and put in the stream of commerce.

42. When Biddeford distributed the heated blanket to Ollie's Bargain Outlet, it was in a condition that reasonable individuals among the expected users or consumers of the product wouldn't anticipate.

43. At the time of sale to Ollie's Bargain Outlet, the heated blanket posed an unreasonable danger to an anticipated user or consumer using the blanket in a reasonably foreseeable manner.

44. Defendants Biddeford designed, manufactured, marketed, and sold a dangerous product into the stream of commerce.

44. The Biddeford heated blanket has a design defect that renders it unreasonably hazardous, as it is composed of materials that make the blanket susceptible to catching fire when used in a manner that's reasonable and foreseeable.

45. The injuries sustained by the Plaintiff could have been avoided with a feasible alternative design, such as incorporating more fire-resistant materials or additional safety features.

46. The injuries suffered by the Plaintiff, as described earlier, were directly caused by the defective design of the heated blanket.

47. Biddeford was aware of or had reason to be aware that the blanket's design made it unreasonably dangerous due to the design defects.

48. The damage experienced by the Plaintiff were a direct result of the defective design of the heated blanket.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

(i)     That proper process issue to the Defendants requiring a response to this Complaint within the time allowed by law.

(ii)    Actual and compensatory damages in an amount to be determined at trial for the past, present, and future harm Plaintiffs have sustained and will sustain as a result of Defendants harmful conduct.

(iii)   Punitive damages in an amount sufficient to punish Defendants for their willful and reckless conduct and to deter such conduct in the future.

(iv)    Pre-judgment and post-judgment interest.

(v)     Attorneys' fees and costs incurred in prosecuting this action.

(vi)    Such other and further relief as the Court deems just and proper.

Respectfully submitted by:

Attorney Michael G. Floyd
Law Office of Michael Floyd
242 Poplar Avenue
Memphis, TN 38103
901-526-1088 (Office)
901-525-3238 (Fax)
michaelgfloyd@outlook.com