IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HELEN KIMBLE and MICHAEL KIMBLE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  No. 2:23-cv-02656-SHL-atc ) |
| OLLIE'S BARGAIN OUTLET, INC., and BIDDEFORD BLANKETS, LLC, | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO REMAND**

Before the Court is Plaintiffs Helen Kimble and Michael Kimble's Motion for Remand, filed October 27, 2023. (ECF No. 17.) Defendant Biddeford Blankets, LLC ("Biddeford") responded on November 9, 2023. (ECF No. 18.) As is explained in more detail below, Biddeford has not demonstrated that the amount in controversy more likely than not exceeds $75,000. See 28 U.S.C. § 1332. Because it has not, Plaintiffs' motion is **GRANTED**.

**BACKGROUND**

On September 15, 2023, the Kimbles filed a lawsuit in the Circuit Court of Shelby County, Tennessee, in which they named Ollie's Bargain Outlet, Inc. ("Ollie's") and Biddeford as Defendants. (ECF No. 1-2.) In the lawsuit the Kimbles explained that they purchased a heated blanket manufactured by Biddeford at an Ollie's store in Memphis in September 2022. (Id. at PageID 10.) About three weeks after purchasing the blanket, a rapidly spreading fire broke out at the Kimbles' home, causing extensive damage to their property, including to their "dwelling, personal belongings, and other valuable items." (Id.) Not only did the fire result in extensive property damage and loss of personal belongings, but it also caused the Kimbles

"emotional distress, and other damages." (Id. at PageID 11.) The emotional distress is "severe" and ongoing and the property damage is "substantial." (Id. at PageID 12.) According to the complaint, the fire department determined that the heated blanket was the primary ignition source. (Id. at PageID 10.)

The Kimbles alleged three tort causes of action against Ollie's and Biddeford: negligence, gross negligence and products liability. (Id. at PageID 10–13.) The complaint seeks "[a]ctual and compensatory damages in an amount to be determined at trial for the past, present, and future harm Plaintiffs have sustained and will sustain as a result of Defendants['] harmful conduct." (Id. at PageID 14.) The Kimbles also seek punitive damages, pre- and post-judgment interest and attorney's fees. (Id.) The complaint does not specify the specific amount of damages the Kimbles seek.

On October 17, 2023, Biddeford removed the case to this Court, asserting that jurisdiction is proper under 28 U.S.C. § 1332, in that complete diversity exists between Plaintiffs and Defendants and it was "substantially likely and reasonably probable" that the amount in controversy exceeds $75,000. (ECF No. 1 at PageID 3–4.)

The Kimbles have moved for the case to be remanded to state court, asserting that "Defendant's amount-in-controversy argument does nothing to show that the amount-in-controversy 'more likely than not' exceeds $75,000." (ECF No. 17-1 at PageID 138.) Plaintiffs also assert that they are entitled to their attorneys' fees upon remand under 28 U.S.C. § 1447(c), based on a lack of an objectively reasonable basis for removing the case. (Id. at PageID 139.)

## LEGAL STANDARD

The federal diversity jurisdiction statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal." Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996)). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476, 478 (6th Cir. 2014) (quoting Eastman v. Marine Mech. Corp., 438 F.3d 544, 549–50 (6th Cir. 2006)).

The burden of proving the diversity jurisdiction requirements falls upon the defendant removing the case, who must demonstrate by a preponderance of the evidence that the amount-in-controversy requirement is met. Heyman v. Lincoln Nat'l Life Ins. Co., 781 F. App'x 463, 470 (6th Cir. 2019). So, a defendant must show that it is "more likely than not" that the plaintiff is "entitled to a recovery of at least $75,000.01" should he be successful in proving his legal claims. Id. (citations omitted). This preponderance of the evidence standard is applicable in cases where a plaintiff claims an unspecified amount of damages. Naji v. Lincoln, 665 F. App'x 397, 400 (6th Cir. 2016) (citations omitted).

The preponderance of the evidence test "'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" Heyman, 781 F. App'x at 471 (quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993)). Still, while a defendant "need not show 'to a legal certainty that the amount in controversy met the federal requirement,' it must do more 'than show[ ] a mere possibility that the jurisdictional amount is satisfied.'" Everett v. Verizon

3

Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006) (quoting Gafford, 997 F.2d at 155), abrogated on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010).

If the defendant fails to satisfy its burden, the court lacks subject-matter jurisdiction and must remand. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

## ANALYSIS

Plaintiffs do not dispute that complete diversity exists between them and the Defendants. Plaintiffs are residents of Tennessee, Ollie's is a corporation based in Pennsylvania and Biddeford is an Illinois-based LLC with no Tennessee-based members. Plaintiffs' challenge to removal is based solely on their assertion that Biddeford have failed to satisfy § 1332(a)(1)'s $75,000 amount-in-controversy requirement. According to Plaintiffs, Biddeford "does not offer a single estimate or calculation for even one class of damage," and, although "Plaintiffs agree that the damages caused by Defendants [are] widespread and sundry, . . . that alone is not enough to satisfy its burden regarding the amount-in-controversy." (ECF No. 17-1 at PageID 138.) Plaintiffs assert that, in removing this case to federal court, Biddeford is "ask[ing] this Court to do what it cannot do: assume damages will exceed $75,000." (Id.)[1] Plaintiffs further assert that Biddeford is "asking this Court to assume damages based on nothing more than allegations of wrongdoing and loss." (ECF No. 17-1 at PageID 139.)

---

[1] Though Biddeford suggests that "it appears that only now Plaintiffs are willing to stipulate that the totality of their damages do not exceed $75,000" (ECF No. 18 at PageID 147), the Court is not convinced that Plaintiffs have so stipulated. Although Plaintiffs assert that "the matter in controversy does not exceed $75,000" (ECF No. 17 at PageID 104), this is not the sort of unequivocal statement that could serve to limit their damages to an amount below the jurisdictional limit for determining whether the amount in controversy threshold has been met, or, for that matter, limit the amount of recovery to which Plaintiffs may be entitled. See Shupe, 566 F. App'x at 482.

As a starting point, to the extent Plaintiffs challenge the sufficiency of Biddeford's notice of removal, they ask too much, as "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. Id. In those circumstances where "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Griffith v. Aleman, No. 1:15-cv-1302-JDB-egb, 2016 WL 2869794, at *2 (W.D. Tenn. May 17, 2016) 2016 WL 2869794, at *2 (quoting Dart Cherokee, 574 U.S. at 88).

In the complaint and in their motion, Plaintiffs repeatedly characterize the damage to their real and personal property and to themselves as "extensive," "severe," "substantial," "widespread" and "sundry." In so doing, they disregard Mark Twain's advice to writers that when they catch an adjective, they should kill it, or similarly, that they should forsake five-dollar words when fifty-cent words would do. Nevertheless, Biddeford has not offered any evidence, let alone a preponderance, that all of Plaintiffs' five-dollar words together add up to a description of damages that satisfies the $75,000 amount-in-controversy requirement necessary to invoke diversity jurisdiction.

Biddeford relies solely on the allegations from the complaint to support their argument against remand. That approach is insufficient. See, e.g., Smith v. Nationwide Agribusiness Ins. Co., No. 1:21-CV-2049, 2022 WL 109263, at *2 (N.D. Ohio Jan. 12, 2022) (explaining that "both Dart Cherokee and the Sixth Circuit preclude a removing party from resting on the allegations of the complaint in the face of a challenge to the amount in controversy.") (citing

Dart Cherokee, 574 U.S. at 88; Halsey v. AGCO Corp., 755 F. App'x 524, 526–27 (6th Cir. 2018)). Biddeford's assertion that the complaint satisfies the amount-in-controversy requirement because it also seeks punitive damages is equally unsubstantiated and, because it has "presented no evidence to establish an estimated value for the compensatory damages," determining what punitive damages they may be entitled to, if any, is impossible. Shannon v. PNC Bank, N.A., No. 3:14-CV-00421-CRS, 2015 WL 339577, at *3 (W.D. Ky. Jan. 26, 2015). "The Court cannot gauge the amount in controversy by multiplying an unknown figure." Id.

Biddeford had several avenues for providing the necessary evidence instead of merely relying on the vague language from the complaint to support their claim that the amount in controversy exceeds $75,000. For example, before filing for removal they could have engaged in discovery in state court.[2] See Halsey, 755 F. App'x at 527; Vignes-Starr v. Lowe's Home Centers LLC, No. 320CV00796RGJLLK, 2021 WL 6932560, at *2 (W.D. Ky. Sept. 3, 2021) (explaining that a defendant "would be wise to engage in pre-removal discovery to clarify the amount in controversy," especially considering that Kentucky's rules of civil procedure prohibit plaintiffs from making specific demands for damages in their complaint). Biddeford also could have relied on affidavits or sworn testimony as evidence to support removal. See Richmond v. Populous Grp., LLC, No. 4:05 CV 01900, 2005 WL 2338824, at *2 (N.D. Ohio Sept. 23, 2005) (citing United States v. A.D. Roe Co., 186 F.3d 717, 722 n.4 (6th Cir. 1999)); Muszik v. Berkshire Hathaway Homestate Ins. Co., No. 3:19-CV-5, 2019 WL 13196995, at *3 (E.D. Tenn.

---

[2] The filing of discovery requests in state court would have essentially tolled the time period Defendant had for removing the case to this Court, as, under 28 U.S.C. § 1446(b)(3), when a "case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Feb. 21, 2019). Defendant could have cited to similar cases where damages satisfied the jurisdictional threshold. See Henry v. Jolley, No. 2:17-CV-1065, 2018 WL 1473637, at *3 (S.D. Ohio Mar. 26, 2018), report and recommendation adopted, No. 2:17-CV-1065 (S.D. Ohio Apr. 18, 2018) (finding that the amount-in-controversy threshold was satisfied in part by relying on defendants' citation to "numerous cases in which plaintiffs asserting claims and seeking damages similar to those asserted and sought in this instant action where courts have found the amount of controversy satisfied, even in the absence of damages specified in the Complaint.")

Biddeford did not take these or any other steps that would have provided any evidence to support removal. "[A]lthough Defendant's burden to establish the amount in controversy is not daunting, it still requires evidence." Smith, 2022 WL 109263, at *3 (citation omitted). Ultimately, "[m]ere speculation and conjecture do not suffice to meet Defendant's evidentiary burden to show the district court has subject matter jurisdiction over Plaintiff's claims." Miller v. E. Co., No. 1:19CV2704, 2020 WL 8988460, at *2 (N.D. Ohio Mar. 30, 2020). Because Biddeford failed to meet their evidentiary burden, remand is warranted.

## ATTORNEYS' FEES

Plaintiffs also seek their attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." A Forever Recovery, Inc. v. Twp. of Pennfield, 606 F. App'x 279, 280 (6th Cir. 2015) (quoting Warthman v. Genoa Twp. Bd. of Trs., 549 F.3d 1055, 1059 (6th Cir. 2008)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. (quoting Paul v. Kaiser Found.

Health Plan of Ohio, 701 F.3d 514, 523 (6th Cir. 2012)). "[I]n cases where the removal was not objectively reasonable . . . the district court may exercise its discretion to award fees or not, keeping in mind . . . the general presumption that fees should be awarded under such circumstances." Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 533 (6th Cir. 2010) (quoting Warthman, 549 F.3d at 1060–61).

Here, in spite of Biddeford's failure to marshal evidence to support their claim for removal under 28 U.S.C. § 1332, given the allegations in the complaint and the vast array of damages Plaintiffs seek, Biddeford did not lack an objectively reasonable basis for seeking removal. See Tigrett v. De Vos, No. 1:20-CV-1268-STA-jay, 2021 WL 1156626, at *8 (W.D. Tenn. Mar. 26, 2021) ("The conflict between the parties revolved around the disputable issue of whether Defendant met his burden of establishing the amount in controversy to give this Court jurisdiction. While the Court rejected Defendant's arguments, it did not find that Defendant lacked an objectively reasonable basis for seeking removal. Therefore, the Court will decline to award attorney's fees.") Plaintiffs' request for attorneys' fees is **DENIED**.

## CONCLUSION

Consistent with the foregoing, Plaintiffs' motion to remand is **GRANTED**. The Clerk shall mail a certified copy of this order to the clerk of the Circuit Court of Shelby County, Tennessee. See 28 U.S.C. § 1447(c).

**IT IS SO ORDERED,** this 29th day of November, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE